1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3   UNITED STATES OF AMERICA,        )
                                     )  No. 3:18-CR-2342-BTM
4              Plaintiff,            )
                                     )
5   v.                               )  February 22, 2019
                                     )
6   MAMBASSE, KOULABALO PATARA (1);  )
    GERMAN RAMIREZ--GONZALEZ (2);    )
7   MARY ARAGON (3),                 )
                                     )  Courtroom 15B
8              Defendants.           )
    _____)  San Diego, California

9

10                  TRANSCRIPT OF PROCEEDINGS

11            (Excerpt of Jury Trial - Volume VII)

12       BEFORE THE HONORABLE BARRY TED MOSKOWITZ, DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23   COURT REPORTER:        AMANDA M. LeGORE
                            RDR, CRR, CRC, FCRR, CACSR
24                          U.S. District Court
                            333 West Broadway, Suite 420
25                          San Diego, CA 92101
                            amanda_legore@casd.uscourts.gov

```
 1   APPEARANCES:
     FOR THE PLAINTIFF:        SHAUNA PREWITT
 2                             TIMOTHY COUGHLIN
                               Assistant U.S. Attorney
 3                             U.S. Attorney's Office
                               Southern District of California
 4                             880 Front Street, Room 6293
                               San Diego, CA  92101-8893
 5                             (619)557-5610

 6

     FOR DEFENDANT PATARA:     MARC CARLOS
 7                             Bardsley & Carlos, LLP
                               424 F Street A
 8                             San Diego, CA  92101
                               (619)702-3226
 9

10   FOR DEFENDANT
     RAMIREZ-GONZALEZ:         KNUT JOHNSON
11                             550 W. C Street, Suite 790
                               San Diego, CA  92101
12                             (619)876-1633

13

14   FOR DEFENDANT ARAGON:     DAVID ZUGMAN
                               Attorney at Law
15                             964 Fifth Avenue
                               San Diego, CA  92101
16                             (619)787-5334

17

18

19

20

21

22

23

24

25
```

935

Colloquy

1          (Friday, February 22, 2019; 9:42 a.m.)

2

3                    P R O C E E D I N G S

4

5          THE COURT:  Good morning.  Please have a seat.  I'll

6    be right with you.

7          THE ATTORNEYS:  Good morning, your Honor.

8          THE CLERK:  Counsel, if you would please go over the

9    exhibits now to ensure that they're what we're going to be

10   sending back.

11         (Pause.)

12         THE CLERK:  Calling calendar matter No. 1,

13   18-CR-2342, United States versus Mambasse Patara, German

14   Ramirez-Gonzalez, and Mary Aragon.

15         MS. PREWITT:  Good morning, your Honor.  Shawna

16   Prewitt and Tim Coughlin on behalf of the United States.

17         MR. CARLOS:  Mark Carlos on behalf of Mr. Patara,

18   who's present on bond.

19         MR. ZUGMAN:  Good morning, your Honor.  David Zugman

20   on behalf of Ms. Aragon who is similarly present on bond.

21         MR. JOHNSON:  Good morning, your Honor.  Knut Johnson

22   with Mr. Ramirez-Gonzalez.  He's present.

23         THE COURT:  All right.  Get the jury.

24         THE CLERK:  Yes, sir.

25         Please come on out.

Colloquy

```
 1              (Jurors enter.)

 2              (Judge and clerk conferring.)

 3              THE CLERK:  Your Honor, I'm handing out the jury

 4   instructions.

 5              (Pause.)

 6              (Court and clerk conferring.)

 7              THE COURT:  The jurors are all present, and the

 8   parties and counsel are all present.

 9              Good morning, ladies and gentlemen.  Today I have to

10   use the computer to speak for me, so I have typed into the

11   computer first.  It will also be displayed on the screen.  We

12   are now going to give you the final instructions.

13              You have each been given your own copy, which you can

14   keep.  Although I have prepared them, Rick will read them to

15   you.

16              Please stay with us and don't get ahead.  If we are

17   going too fast for you, please just say "slow down."  Please

18   have a pen handy to make any corrections I may make.

19              No matter how many times I and the lawyers have

20   proofread them, we always find some typographical error that we

21   missed.  So I will dictate the change for you, and you can make

22   it with your pen.  Rely on the corrected instruction.

23              Okay.  Sit back and relax and let us begin.

24              (Whereupon jury instructions were reported but not

25                requested to be transcribed herein.)
```

Colloquy

1        THE COURT:  The jurors can go in the jury room.

2        Rick, please show them the button for the buzzer, so

3   they can signal us they have a message which should be in

4   writing.

5        I will ask that the jury deliberate until 4:30.

6        If you need a break outside of the jury room, please

7   hit the buzzer, and the bailiffs will take you on your break.

8        Mr. Korn and Ms. LaBelle, please remain.

9        (Deliberating jurors exit.)

10        (Clerk and attorneys confer.)

11        THE COURT:  (Indiscernible.)

12        THE CLERK:  Counsel, can you stop talking for a

13   moment.

14        THE ATTORNEYS:  Yes, your Honor.

15        (Pause.)

16        THE COURT:  You are the alternate jurors.

17        If any of the original 12 jurors cannot continue

18   deliberating, you will replace them.  You do not have to remain

19   in the courthouse.  You can go about your lives.  You must give

20   a telephone number to Rick, so he can call you to tell you to

21   come in or the case is over.

22        You must give your notes and instructions to Rick to

23   hold for you.  He will give to you at the end of the case or if

24   you become a deliberating juror.  All the rules governing

25   jurors still apply to you.

Colloquy

1          Do not talk about the case, the issues, or the people

2    involved in it.  Do not form an opinion about the case.  Do not

3    do any research about the case and avoid any media stories that

4    may relate to the case.  If I don't see you again, thank you,

5    and it has been an honor having you as a juror in my courtroom.

6          Do any of the lawyers want any further instructions

7    to the alternate jurors?

8          MR. ZUGMAN:  No, your Honor.

9          MR. CARLOS:  No, your Honor.

10          MS. PREWITT:  No, your Honor.

11          MR. JOHNSON:  No.  Thank you, your Honor.

12          THE COURT:  Rick.

13          THE CLERK:  If you would please write your phone

14    number in the -- on the cover of the notes.  On the inside

15    actually, the inside cover.  Thank you.

16          I will take those, as well as the instructions.

17          (Pause, Court and clerk conferring.)

18          THE CLERK:  You can go ahead and head on downstairs

19    to let the jury clerk know that you are designated as

20    alternates, and that you're good to go until I give you a call.

21          ALTERNATE JUROR LaBELLE:  Are we supposed to come

22    back?

23          THE CLERK:  The only reason you would come back is if

24    you were going to be part of the jury because of -- a juror has

25    left.

Colloquy

1          I will call you and notify you what has happened with

2   the case.  And then I can either mail you your notes, or I can

3   have them shredded.  It's your choice.

4          ALTERNATE JUROR LaBELLE:  Okay.  Thank you.

5          ALTERNATE JUROR KORN:  Thank you.

6          THE CLERK:  Thank you.

7          (Alternate jurors exit courtroom.)

8          (Court and clerk conferring.)

9          THE CLERK:  Counsel, I'm going to show you the

10  corrected verdict.

11         MR. JOHNSON:  All right.

12         (Pause, referring.)

13         MS. PREWITT:  Thank you.

14         THE COURT:  I am going to give you a draft

15  instruction in the event of a hung jury.

16         Are the exhibits all there, and nothing but the

17  admitted exhibits?

18         MR. CARLOS:  Yes, your Honor.

19         THE ATTORNEYS:  Yes, your Honor.

20         MS. PREWITT:  Yes, your Honor.

21         THE COURT:  Does Rick have your contact number?

22         MS. PREWITT:  Yes, your Honor.

23         MR. CARLOS:  Yes, your Honor.

24         MR. ZUGMAN:  Yes, your Honor.

25         MR. JOHNSON:  Yes, your Honor.

940

Colloquy

| | |
|---|---|
| 1 | (Court and clerk conferring.) |
| 2 | (Judge handed document.) |
| 3 | (Counsel handed document.) |
| 4 | (Counsel conferring.) |
| 5 | (Judge handed document.) |

6    THE CLERK:  Your Honor, we received a note from the

7    jury.  The note reads:

8         "Request all evidence, slash, exhibits.  Marker

9         for white board.  Signed, Ginger Matthews,

10        foreperson."

11   MR. ZUGMAN:  Well, we know they're not shy.

12   THE COURT:  The clerk has shown the note to counsel

13   and will mark it.  I am sure there will another note.  But if

14   not, come back at 4:15.

15        The defendants must stay in the area around the

16   cardhouse [sic].

17        Anything else?

18   MR. COUGHLIN:  No, your Honor.

19   MR. ZUGMAN:  No, your Honor.

20   MR. JOHNSON:  No, your Honor.  Thank you.

21   MS. PREWITT:  Your Honor, I will just add that we had

22   the disks in CD form that were used during the court of the

23   trial.  We also, at the Court's request, provided a thumb drive

24   containing those same exhibits, so that the jury can either use

25   the thumb drive or the disk.

Colloquy

1          MR. ZUGMAN:  We're fine with either or both.

2          MR. JOHNSON:  Either is fine, your Honor.

3          THE COURT:  Any objections to both going in to the

4    jury?

5          MR. ZUGMAN:  No, your Honor.

6          MR. JOHNSON:  No.

7          MR. ZUGMAN:  Mr. Carlos?

8          MR. CARLOS:  No.

9          MR. ZUGMAN:  Your Honor, with respect to Mr. Patara

10   and Ms. Aragon, when can they go to lunch?  Because they can't

11   leave the court area.

12         THE COURT:  12:30.

13         MR. ZUGMAN:  That's when they can go and then come

14   back?

15         Okay.  So you can leave at 12:30 and --

16         MR. COUGHLIN:  Thank you, your Honor.

17         MS. PREWITT:  Thank you, your Honor.

18         MR. ZUGMAN:  Thanks, your Honor.

19         (Attorneys exiting courtroom.)

20         THE COURT:  One other thing.

21         (Attorneys reentering courtroom.)

22         THE CLERK:  Your Honor, for the record, I've

23   delivered all of the exhibits, as well as the white board pens

24   that they requested, and the lunch forms for them to fill out.

25   They are going to press the buzzer when the lunch forms are

942

Colloquy

1  finished.

2           THE COURT:  I am going to have Rick sworn as a

3  bailiff.

4           THE CLERK:  I do solemnly swear that I will keep this

5  jury in some private and convenient place.  That I will not

6  permit any person to speak to or communicate with them, nor do

7  so myself unless by direct order of the Court; or ask -- or to

8  ask them if they are agreed upon a verdict.  And that I will

9  return them into the court when they have so agreed or when

10  ordered by the Court.

11           THE COURT:  And you.  Thank you.

12           THE ATTORNEYS:  Thanks, your Honor.

13           (Recess taken at 11:29 a.m.)

14           (Court resumes at 3:26 p.m.)

15           (Defendant Aragon not present.)

16           (Judge handed document.)

17           THE COURT:  What is the story with Ms. Aragon?

18           MR. ZUGMAN:  Incomplete, your Honor.

19           When I last saw Ms. Aragon, it was about -- after

20  your clerk called me and asked that she not wait directly

21  outside the courthouse.  So I came over to the courthouse.  I

22  spoke with Ms. Aragon.  It was in the period when she would be

23  getting lunch.

24           She asked me whether it would be acceptable if she

25  got some fresh air and waited in the courtyard.  I, of course,

943

Colloquy

1   saw no problem with that because I would be able to find her.

2          Little did I know that I was incorrect in assessing

3   my own abilities because I have tried to find her and failed.

4   So I have left word at Pretrial.  I have gone to Pretrial.

5          Co-counsel were helpful enough to check the other two

6   floors to see if maybe she went to a different floor for some

7   reason.  I -- we have not found her.  We have done several

8   circuits around the courthouse and all the way down to -- if

9   that's F Street and then on Broadway, the full perimeter.  If

10  she's there, she's hiding really, really well.

11         And for the record, your Honor, I would waive

12  Ms. Aragon's presence for the reading of these particular

13  notes.

14         I don't think the jury should be prevented from

15  deliberating.  I think it would do harm to Ms. Aragon's cause

16  if the jury was prevented from deliberating.  I don't think

17  it's any secret to them, since it's me that keeps going

18  outside.

19         THE COURT:  What is the Government's position?

20         MR. COUGHLIN:  Your Honor, we think best efforts have

21  been made.  We agree with the waiver at this point in time, and

22  would like the answers to -- delivered to the jury with regard

23  to the questions they've had.

24         THE COURT:  I will ask the clerk to read the notes

25  from the jury.

Colloquy
944

|    |                                                                         |
|----|-------------------------------------------------------------------------|
| 1  | (The clerk handed documents.)                                           |
| 2  | THE CLERK:   The first note that was received at 12:33                   |
| 3  | requests, "Log in to computer, Ginger Matthews."                        |
| 4  | The second note request, "Review Defense B, Ginger                      |
| 5  | Matthews."  This was received at 1:53 p.m.                               |
| 6  | The last note, request, "We would like to take a                        |
| 7  | 15-minute break and use our phones.  Are we allowed to leave             |
| 8  | the jury room?  Ginger Matthews."  Received at 2:37.                     |
| 9  | THE COURT:   The clerk gave the (indiscernible), and                    |
| 10 | they were taken for a break.                                            |
| 11 | What about the other note?                                              |
| 12 | MR. ZUGMAN:   Your Honor --                                             |
| 13 | MR. COUGHLIN:   As to Exhibit B.   Correct?                             |
| 14 | The Government's position is that they should be                        |
| 15 | informed that was not admitted into evidence and should --              |
| 16 | should take no -- no inference from that.  It's a report of             |
| 17 | Agent Moreno.   The memorandum of report.                               |
| 18 | THE COURT:   I will tell them that Exhibit B was not                    |
| 19 | received into evidence, so they will not have it but they can           |
| 20 | consider any testimony they heard about it.                             |
| 21 | MR. JOHNSON:   Thank you, your Honor.                                   |
| 22 | MR. CARLOS:  Yes, your Honor.                                           |
| 23 | MR. COUGHLIN:   Thank you, your Honor.                                  |
| 24 | THE COURT:   Do you all agree that B was not admitted?                  |
| 25 | MS. PREWITT:   Yes, your Honor.                                         |

945

Colloquy

1          MR. JOHNSON:  Yes, your Honor.

2          MR. CARLOS:  Yes, your Honor.

3          MR. ZUGMAN:  Yes, your Honor.

4          THE COURT:  May I have the note.

5          (Judge handed document.)

6          THE COURT:  I will write the response on the note.

7   That way they will not see that Ms. Aragon is absent.

8          MR. ZUGMAN:  Thank you, your Honor.

9          (Judge handed document.)

10         (Defense counsel handed document.)

11         (Government handed document.)

12         (Judge handed document.)

13         THE COURT:  Rick.

14         (Court and clerk confer.)

15         THE CLERK:  Defense Exhibit B is not in evidence.

16  Therefore, you will not have it.  However, you can consider any

17  testimony you heard about Exhibit B.  Please read this out loud

18  to all of the jurors and return it to the bailiff.  Signed,

19  Judge Moskowitz.

20         MR. ZUGMAN:  I agree, your Honor.  That's --

21         MR. JOHNSON:  I agree.

22         MR. CARLOS:  Yes, your Honor.

23         MR. COUGHLIN:  Yes, your Honor.

24         (Clerk enters jury room.  Clerk exits jury room.)

25         THE CLERK:  Your Honor, the foreperson read the note

Colloquy

1    out loud and returned it to me.

2              (Pause.)

3              THE COURT:  I am giving you a draft Allen-type

4    instruction, just in case we need it.  I have used it many

5    times.

6              (Clerk handed document.)

7              MR. ZUGMAN:  Your Honor, am I correct in believing

8    that this is the model instruction from the Ninth Circuit?

9              THE COURT:  No.

10             MR. ZUGMAN:  No?

11             MR. CARLOS:  So there.  You're incorrect.  Incorrect.

12             MR. ZUGMAN:  Not the first, nor the last time.

13             MR. JOHNSON:  I apologize for Mr. Zugman, your Honor.

14             THE COURT:  We can discuss it, if it is needed.

15             MR. ZUGMAN:  I just want to look over the model

16   instruction.

17             THE COURT:  Now, what are we doing about Ms. Aragon?

18             MR. ZUGMAN:  Well, your Honor, after speaking to

19   Mr. Johnson, I think the appropriate course would be to issue a

20   warrant and hold it till 4:30.

21             There's some chance that she just misunderstood what

22   I said, and I was insufficiently clear; and she's going to be

23   walking through that door.  But -- so that's what I would

24   suggest.

25             (Pause.)

947

Jury Verdict

1        MR. ZUGMAN:  Your Honor, can I --

2        THE COURT:  We will wait until 4:30.  She has been

3   respectful to the Court so far.

4        MR. ZUGMAN:  Can I take a look out in the courtyard

5   where -- thank you, your Honor.

6           (Mr. Zugman exits courtroom.)

7           (Mr. Zugman enters courtroom.)

8        MR. ZUGMAN:  Your Honor, the model -- or the

9   instruction your Honor proposes is acceptable to Ms. Aragon.

10       MR. CARLOS:  I agree, your Honor.

11       MR. JOHNSON:  I agree.

12       THE COURT:  We are in recess until 4:30 or until

13   another note.

14           I ask that Mr. Patara and Ms. Aragon wait in the

15   Pretrial Services waiting room on the sixth floor unless they

16   are with their counsel.

17       MR. ZUGMAN:  Should I find her, your Honor, I will

18   make it clear.

19           (Recess taken at 3:54 p.m.)

20           (Court resumes at 4:30 p.m.)

21       THE COURT:  All parties, including Ms. Aragon are

22   present and all counsel are present.

23           Rick, please state the time the note was received,

24   and read it into the record.  And please show counsel the note.

25       THE CLERK:  The note reads, "We have reached a

948

Jury Verdict

1  verdict.  Ginger Matthews, foreperson."  It was received at

2  4:14 p.m. today.

3          (Counsel handed document.)

4          THE COURT:  Is there any reason we should not take

5  the verdict and individually poll the jury?

6          MR. CARLOS:  No, your Honor.

7          MR. ZUGMAN:  No, your Honor.

8          MR. JOHNSON:  No, your Honor.

9          MS. PREWITT:  No, your Honor.

10         THE COURT:  Rick.

11         (Jurors enter.)

12         THE COURT:  All the jurors are present.

13         We have received a note that says you have reached a

14  verdict.  Who is the foreperson, and has the jury reached a

15  unanimous verdict as to all defendants and all counts?

16         JUROR MATHEWS:  I'm the foreperson.  And, yes, we

17  have reached a unanimous verdict on all counts for all

18  defendants.

19         THE COURT:  Please say your name.

20         JUROR MATHEWS:  Ginger Mathews, M-A-T-H-E-W-S.

21         THE COURT:  Here is how we take the verdict.

22         First, you will hand the verdict to the clerk, and I

23  will inspect it to see that it was properly filled out.

24         Then he will return it to you, and you will read it

25  loud, verbatim.  Then it will be shown to the lawyers.  Then

Jury Verdict

1  the clerk will poll the jury by calling your names and asking

2  you individually, "Is this your verdict as presented and read,

3  as to all counts and all defendants?"

4          Here is how we take the verdict.

5          (Clerk handed document.)

6          (Judge handed document.)

7          (Clerk handed document.)

8          JUROR MATHEWS:  Do I need to read the whole --

9          THE CLERK:  (Nods head.)

10          THE COURT:  One moment.

11          THE CLERK:  One moment.

12          JUROR MATHEWS:  Okay.

13          THE COURT:  All parties and counsel, please stand for

14  the reading of the verdict.

15          JUROR MATHEWS:  United States District Court of

16  Southern California, United States of America, plaintiff,

17  versus Mambasse Koulabalo Patara, one; German Ramirez-Gonzalez,

18  two; Mary Aragon, three, defendants.  Case No. 18-CR-2342,

19  verdict.

20          We, the jury of the above-captioned case, return the

21  following unanimous verdict.

22          As to the charge in Count 1, that on or about April

23  24th, 2018, within the southern -- Southern District of

24  California, Defendants Mambasse Koulabalo Patara, German

25  Ramirez-Gonzalez, and Mary Aragon, with the intent to violate

Jury Verdict

1  the immigration laws of the United States, knowing and in

2  reckless disregard of the fact that an alien, namely, Fermin

3  Lopez, had come into, entered, and remained in the United

4  States in violation of the law, did transport and move said

5  alien within the United States in furtherance of such violation

6  of law, in violation of Title 8 United States Code Section

7  1324(a)(1)(A)(ii) and (v)(ii).

8          We find Mambasse Koulabalo Patara not guilty.

9          We find German Ramirez-Gonzalez guilty.

10          We find Mary Aragon guilty.

11          Two, as to the charge in Count 2, that on or about

12  April 24th, 2018, within the Southern District of California,

13  Defendants Mambasse Koulabalo Patara and Mary Aragon, with the

14  intent to violate the immigration laws of the United States,

15  knowingly and in reckless disregard of the fact that an alien,

16  namely, German Ramirez-Gonzalez, had come to, entered, and

17  remained in the United States in violation of law, did

18  transport and move said alien within the United States in

19  furtherance of such violation of law, in violation of Title 8,

20  United States Code Section 1324(a)(1)(A)(ii) and (v)(ii).

21          We find Mambasse Koulabalo Patara not guilty.

22          We find Mary Aragon guilty.

23          So say we all, dated February 22nd, 2019, in San

24  Diego, California, by myself, Ginger Mathews, foreperson of the

25  jury.

Jury Verdict

951

```
 1                THE COURT:  Rick.

 2                (Clerk handed document.)

 3                (Government handed document.)

 4                (Mr. Carlos handed document.)

 5                (Mr. Johnson and Mr. Zugman handed document.)

 6                THE COURT:  Please poll the jury.

 7                THE CLERK:  Evan Kleber, are these your verdicts as

 8    presented and read, as to all defendants and all counts?

 9                THE JUROR:  Yes, they are.

10                THE CLERK:  Ginger Mathews, are these your verdicts

11    as presented and read, as to all defendants and all counts?

12                THE JUROR:  Yes, they are.

13                THE CLERK:  Jesse Stewart, are these your verdicts as

14    presented and read, as to all defendants and all counts?

15                THE JUROR:  Yes, they are.

16                THE CLERK:  Marisa Mendes, are these your verdicts as

17    presented and read, as to all defendants and all counts?

18                THE JUROR:  Yes, they are.

19                THE CLERK:  Jaclyn Johnson, are these your verdicts,

20    as presented and read, as to all defendants and all counts?

21                THE JUROR:  Yes, they are.

22                THE CLERK:  Robert Zaugg, are these your verdicts, as

23    presented and read as to all defendants and all counts?

24                THE JUROR:  Yes, they are.

25                THE CLERK:  Jeffrey Ripper, are these your verdicts
```

952

Jury Verdict

1  as presented and read as to all defendants and all counts?

2          THE JUROR:  Yes, they are.

3          THE CLERK:  William Ramage, are these your verdicts

4  as presented and read as to all defendants and all counts?

5          THE JUROR:  Yes, they are.

6          THE CLERK:  Lisa Thomaszeck, are these your verdicts

7  as presented and read, as to all defendants and all counts?

8          THE JUROR:  Yes, they are.

9          THE CLERK:  Salvador Astorga, are these your verdicts

10  as presented and read as to all defendants and all counts?

11          THE JUROR:  Yes, they are.

12          THE CLERK:  Alexis Quintilliani, are these your

13  verdicts as presented and read, as to all defendants and all

14  counts?

15          THE JUROR:  Yes, they are.

16          THE CLERK:  Meaghen Sullivan, are these your verdicts

17  as presented and read as to all defendants and all counts?

18          THE JUROR:  Yes, they are.

19          THE COURT:  Is there any further inquiry that should

20  be put to the jurors?

21          MR. ZUGMAN:  Not from Ms. Aragon's perspective, your

22  Honor.

23          MR. JOHNSON:  No, thank you, your Honor.

24          MR. CARLOS:  No, your Honor.

25          MS. PREWITT:  No, your Honor.

953

Jury Verdict

1          THE COURT:  Is there any reason the verdict should

2    not be accepted and entered upon the docket of the court as the

3    verdict of the jury in this case and the jury thanked and

4    discharged?

5          MR. CARLOS:  No, your Honor.

6          MR. ZUGMAN:  No, your Honor.

7          MR. JOHNSON:  No, your Honor.

8          MS. PREWITT:  No, your Honor.

9          THE COURT:  The clerk shall enter the verdict.

10          THE CLERK:  Yes, your Honor.

11          THE COURT:  You can sit down.

12          THE ATTORNEYS:  Thank you, your Honor.

13          THE COURT:  I want to thank the jurors for your

14    careful and patient service in this case.

15          This was the first jury trial that I have had to use

16    assisted devices for my speech, and I appreciate your patience

17    as I adjust to my new normal.

18          It has been an honor to have you as jurors in my

19    courtroom.  You have performed your service well.  You are now

20    discharged and the rules as the jurors no longer apply.

21          You are free to discuss the case with anyone.

22    Sometimes the lawyers want to ask you some questions to improve

23    their professional performance.  You are free to talk to them

24    and free to decline.  What went on in deliberations is your

25    privacy, and only you have the right to waive that privacy.

954
Colloquy

1  Once again, thank you on behalf of the court and the parties

2  and especially myself.

3          Now you can go home after checking with the jury

4  clerk.

5          Bless you all.

6          (Jurors exit to jury room.)

7          MS. PREWITT:  Hey, Rick, I think they might want

8  their phones.

9          THE CLERK:  I think they're actually going to come

10 back out this way to grab their phones.  But, in any event, I

11 can take them back there.

12         Do you want me to take them back there?

13         (Pause.  Clerk entering jury room.)

14         THE COURT:  All right.  What is next?

15         I am concerned with the length of time Mr. Ramirez

16 has been in custody.  I think it has been ten months.

17         MR. JOHNSON:  That is correct, your Honor.

18         THE COURT:  With a guideline range of a 12, Criminal

19 History I, I believe that it's 12 to 18 months, which he will

20 satisfy the low end with good time next week.

21         We can order presentence reports.

22         MR. ZUGMAN:  Yes, your Honor.

23         MR. JOHNSON:  Yes, your Honor.

24         THE COURT:  That will take at least eight weeks.  And

25 I am concerned that while prejudice is right to a low-end time

955
Colloquy

1   served sentence if he has no criminal record.

2            MR. JOHNSON:  I agree, your Honor.  And one

3   alternative would be to order Probation to produce a criminal

4   history report.  And if we can set off sentencing a shorter

5   period of time, we would probably waive a presentence report,

6   which I think we can do, and go forward with sentencing with

7   the materials we have.  I mean, the Court has heard a lot of

8   evidence about the facts of this case, and we can put together

9   his background -- when I say "we" I mean myself and the

10  Government -- fairly quickly.

11           THE COURT:  Does he have any criminal record?

12           MR. JOHNSON:  I think he might have a misdemeanor.  I

13  don't think it counts.  I can look it up.

14           THE COURT:  What does the Government have?

15           MS. PREWITT:  Your Honor, I don't have my file in

16  front of me to see his criminal history.

17           My recollection is that either it didn't score, or it

18  was misdemeanors, which we looked into in anticipation of

19  potentially him testifying.

20           MR. JOHNSON:  I think that's right.  I'm looking up

21  his -- what I have in discovery right now.

22           MS. PREWITT:  Your Honor, I will just point out that

23  two of the months of his time in custody was his material

24  witness, and I don't know if that has any bearing on what's

25  calculated in terms of time in custody, but I did just want to

Colloquy

1   point that out.

2           MR. JOHNSON:  Oh, he gets credit for that.

3           THE COURT:  We will order a presentence report for

4   Ms. Aragon.

5           What would you like for Mr. Ramirez?

6           MR. JOHNSON:  Just a criminal history report, and the

7   shortest setting we can have -- that the Court's comfortable

8   with for a sentencing.

9           I can tell -- and I'm looking at pages 128 of the

10  discovery, and I'm not sure this is accurate or not.  But what

11  it reports is that in 2014 there was a misdemeanor conviction

12  for an assault.  Probation?

13          (Pause, conferring.)

14          MR. JOHNSON:  And I think there -- there's going to

15  be --

16          THE CLERK:  I'm sorry, your Honor.  One of the jurors

17  just called.  They were told to report to the jury clerk

18  downstairs.  Apparently there is no jury clerk there.  There

19  are seven of them just standing around.

20          Can I have Melissa let them know they can just leave?

21          THE COURT:  Yeah.

22          MR. CARLOS:  Your Honor, can -- can Mr. Patara be

23  excused, since he doesn't have -- that's a --

24          (Pause, conferring.)

25          THE COURT:  We will enter a judgment of acquittal and

1   discharge as to Mr. Patara and his bond is exonerated.

2          MR. CARLOS:  Thank you, your Honor.

3          THE COURT:  He is free to go.

4          DEFENDANT PATARA:  Thank you, your Honor.

5          MR. JOHNSON:  Congratulations, Mr. Patara.

6          (Pause, conferring.)

7          (Mr. Patara and Mr. Carlos exit courtroom.)

8          THE COURT:  Any post-trial motions must be filed as

9   provided for in the rules.

10         The clerk will give us sentencing dates.

11         THE CLERK:  As to defendant 3, the sentencing with

12  PSR is set for May 20th at 10:30 a.m.

13         Your Honor, the sentence with criminal history report

14  would be approximately four weeks out.

15         THE COURT:  All right.

16         THE CLERK:  That would be on March 27th.  Actually,

17  your Honor, that would be March 20th at 2:00 p.m.

18         MR. JOHNSON:  Could we file new trial motions two

19  weeks before that date?

20         THE COURT:  No.  No, I want them filed soon, so we

21  remember the case.  There was hardly any issue that went

22  against the defendants.

23         MR. ZUGMAN:  There was hardly any issue that went

24  against the defendants.

25         MR. JOHNSON:  It's true.

Colloquy

1          MR. ZUGMAN:  We shall see, your Honor.

2          MR. COUGHLIN:  Your Honor, shall we take the exhibits

3    back with us; the Government?

4          THE COURT:  Is there an explanation for Ms. Aragon's

5    absence?

6          MR. ZUGMAN:  Your Honor, the explanation that I

7    received from Ms. Aragon is she did not understand my

8    instructions, and that she was seated in another part of the

9    courthouse area, and I did not see her.  But she was here at

10   4:15, as I predicted she would be.

11         I will -- I will make it extremely clear any future

12   instructions must be followed to their letter.

13         THE COURT:  She will remain on bail.

14         Does the Government object?

15         MS. PREWITT:  No, your Honor.

16         THE COURT:  Anything else?

17         MR. ZUGMAN:  No, your Honor.  Thank you.

18         DEFENDANT ARAGON:  Thank you.

19         MR. COUGHLIN:  Not for the Government, your Honor.

20   If you want us to take the exhibits, we can do that.

21         THE COURT:  Yes.

22         THE CLERK:  Your Honor, if I can step into the jury

23   room, and get the rest of the exhibits for them.

24         (Conclusion of proceedings at 5:28 p.m.)

25

959

Colloquy

1                             -0-

2

3

4

5

6                           --oOo--

7

8   I certify, by signing below, that the foregoing is a correct

9   stenographic transcript of the oral proceedings had in the

10  above-entitled matter this 5th day of March, 2019.  A

11  transcript without an original signature or conformed signature

12  is not certified.  I further certify that the transcript fees

13  and format comply with those prescribed by the Court and the

14  Judicial Conference of the United States.

15          /S/ Amanda M. LeGore

16  _____

17      AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

18

19

20

21

22

23

24

25